**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCHANTS MUTUAL INSURANCE COMPANY, | :<br>:<br>: |
| Plaintiff, | :<br>: Civ. A. No. 3:16-cv-8274-BRM-DEA |
| v. | :<br>: |
| NEW VISTAS CORPORATION, | : **OPINION** |
| Defendants. | :<br>: |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Park Plaza Associates, LLC s/h/a Park Plaza, LLC ("Park Plaza") and Gino's 2002 Irrevocable Trust's ("Trust") (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 20 at 1-2.) Plaintiff Merchants Mutual Insurance Company ("Merchants Mutual") opposes the Motion. (ECF No. 21.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

For the purposes of this Motion, the Court may consider conflicting written and oral evidence and the Court will decide for itself the factual issues which determine jurisdiction. *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 427 (D.N.J. 1999) (citing *Williamson v. Tuckerson*,

645 F.2d 404, 413 (5th Cir. 1981). Further, when diversity jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Cohen*, 45 F. Supp. 2d at 429.

This case arises from damage allegedly caused by snow accumulating on the roof of Park Plaza strip mall. (Am. Compl. (ECF No. 12).) The snow accumulation caused the roof of the strip mall to cave in and damage the property of G&S Food Services t/a Bella Italia ("Bella Italia"). (*Id.*) In 2001, Bella Italia entered into a lease agreement with Park Plaza to rent a retail space. (*Id.* at ¶¶ 5, 7.) In this lease agreement, Bella Italia agreed to pay 15% of the maintenance fees of the strip mall's common areas and roof. (*Id.* at ¶ 6.) On January 1, 2014, New Vista became the management company of Park Plaza. (*Id.* at ¶ 7.) Prior to New Vista taking over management, Park Plaza routinely hired crews to remove snow from the strip mall's roof. (*Id.* at ¶ 8.) New Vista's contract with Park Plaza allegedly required New Vista to remove snow from the roof. (*Id.* at ¶ 9.)

Bella Italia contacted New Vista about the snow accumulation, and New Vista sent a representative to assess the roof but no action was taken. (*Id.* at ¶¶ 10, 12-14.) On approximately February 13, 2014, the roof of the pharmacy adjacent to Bella Italia collapsed, allegedly from the weight of the ice and snow. (*Id.* at ¶ 17.) This collapse caused structural damage to Bella Italia which forced the property to be condemned for closure for an extended period of time. (*Id.* at ¶ 19.) Merchants Mutual paid Bella Italia a total of $559,217.96 for the damage caused by the roof's collapse. (*Id.* at ¶ 22.) Merchants Mutual seeks to recover the $559,217.96 as subrogee of Bella Italia (*id.* at ¶ 23) and, on November 4, 2016, filed this suit against New Vista Corporation ("New Vista"), Park Plaza, and the Trust alleging: (1) breach of contract (Count One); (2) negligence (as to New Vista) (Count Two); (3) misrepresentation (as to Park Plaza and Trust) (Count Three). (ECF No. 12 at 4, 6, 7.) Merchants Mutual seeks damages in the

amount of $559,217.96, with the cost of this action, and any other relief this court may deem just and proper. (*Id.* at 5-7.)

Park Plaza is a limited liability corporation. (*Id.* at ¶ 1.) The Trust is the 99% owner of Park Plaza. (ECF No. 22 at ¶ 3.) Mr. John O. McManus and Ms. Julianna Palazzolo-Pelicane ("Pelicane") are the trustees of the Trust. (ECF No. 12 at ¶ 4; ECF No. 20-4 at 1.) Significantly, however, Merchants Mutual alleges the Trust is a citizen of New Jersey "by and through its independent trustee," McManus, with no mention of Pelicane or either individual's citizenship. (ECF No. 12 at ¶ 4.) Consequently, Merchants Mutual contends Park Plaza and the Trust are citizens of New Jersey, contrasted with its own New York citizenship. (*Id.* at ¶¶ 1, 4.)

Park Plaza moves for an order dismissing Merchant Mutual's Complaint in its entirety, alleging the Complaint fails to identify the domicile of the members of Park Plaza and the Trust. (ECF No. 20-4 at 1.) Furthermore, Park Plaza argues Pelicane and several beneficiaries of the Trust are domiciled in New York, which destroys complete diversity between Merchant Mutual and the Trust. (ECF No. 20 at 1; ECF No. 20-4 at 1.) Merchant Mutual opposes the motion and argues the motion should be denied for lack of a factual record on the status of Pelicane's citizenship and requests an evidentiary hearing on Pelicane's citizenship. (ECF No. 21.) Park Plaza replied with a certification of Pelicane in which she stated she is a resident of New York State and attached an exhibit with Pelicane's unexpired New York State Driver License with the address listed as Staten Island, New York. (ECF No. 22-1.)

## II.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure mandates the dismissal of a case for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1), the court must

3

determine whether the defendant is making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891 ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus:

> [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Mortensen*, 549 F.2d at 891. Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178. Regardless of the analysis, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir.

2006); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000)).

Here, Defendants raise a facial 12(b)(1) challenge, asserting that Merchant Mutual's Complaint is deficient on its face in that is does not properly allege the citizenship of Park Plaza or the Trust. Alternatively, Defendants raise a factual attack, arguing Pelicane's citizenship is in New York which, if true, would destroy complete diversity. (ECF No. 20-4.)

**III.   DECISION**

Defendants are correct that, on its face, Merchants Mutual's Amended Complaint fails to sufficiently plead the citizenship of Park Plaza and the Trust, failing to reference the entities' citizenship. *See GBForeFront, LP v. Forefront Mgmt. Grp. LLC*, 888 F.3d 29, 35-36 (3d Cir. 2018). This flaw is fatal, *see id.*, and Defendants' Motion to Dismiss is **GRANTED**. The Court need not reach the merits of Defendants' factual challenge.

However, the Third Circuit has cautioned against dismissal when pleading errors can be corrected. *See id.* (quoting 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")). At this stage, and having reviewed the arguments submitted in connection with Defendants' factual challenge, it is unclear whether the Amended Complaint is simply "inartful drafting on a technical point, albeit a serious one," *see id.*, and whether Merchants Mutual will be able to, in good faith, amend the Amended Complaint. Therefore, Merchants Mutual, having the burden of showing the case is properly before the federal court, *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), is permitted, until August 15, 2018, to file a second amended complaint, which must, in good faith, sufficiently plead this Court's jurisdiction. Failure to do so will result in dismissal.

5

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 20) is **GRANTED**. The case shall remain open until August 15, 2018, during which time Merchant Mutual may file a second amended complaint, which, in good faith, shall sufficiently plead this Court's jurisdiction. Failure to do so will result in dismissal.


**Date:** July 31, 2018                    */s/ Brian R. Martinotti*
                                           **HON. BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**